IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00805-F

| | | |
|---|---|---|
| ARTHUR O. ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CALVIN WOODARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This cause comes before the Court upon a complaint filed by Plaintiff (DE-1), which was referred to the undersigned for a memorandum and recommendation on whether Plaintiff has complied with the pre-filing injunctions issued by this Court in In re Armstrong, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006) and Armstrong v. Easley, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd*, No. 07-1045 (4th Cir. May 3, 2007). (DE-4).

Plaintiff's persistent filing of frivolous documents compelled this Court to enter a standing order to curtail his repeated litigation abuses without unduly restricting his access to the Court. Under the January 18, 2006 pre-filing injunction, any complaint filed by Plaintiff "must specifically identify the law(s) which plaintiff alleges was (were) violated and must allege all facts with specificity." The pre-filing injunction also requires the Court to determine whether the complaint is "repetitious and/or frivolous."

In his instant action, Plaintiff seeks to bring claims pursuant to 42 U.S.C. §§ 1983, 1985 & 1986 based on alleged constitutional violations. He names the following persons as defendants:

Chad E. Owens, chief probation officer of Wilson County

Roland Loftin, bail bondsman

Superior Court Judge Milton F. Fitch, Jr.

Wilson County Sheriff Calvin Woodard

Cynthia Thornton, superintendent of Wayne Correctional Institute

Thomas E. Asbell, II, superintendent of Greene Correctional Institute

Armstrong names a seventh defendant, Robert Evans, but does not otherwise identify him. Armstrong also names the state of North Carolina and probation officer Jeff Cuthberson as defendants within the body of the complaint; however, these defendants are not named in the caption of the complaint, nor are they identified in Armstrong's proposed summons.

Plaintiff alleges that all of these defendants conspired to violate his constitutional rights by various means. Although difficult to follow, the bulk of Plaintiff's allegations appear to arise from his arrest, detention, sentence, and incarceration for violation of his probation. Plaintiff contends that the probation violation reports were false, and he seeks one hundred million dollars ($100,000,000.00) in compensatory and punitive damages. The undersigned concludes that Plaintiff's complaint is frivolous and should be dismissed.

A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937,

1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also* Brown v. EEOC, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006) ("[W]hile the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel.").

Here, Plaintiff fails to "allege all facts with specificity" as required by the pre-filing injunction. Instead, Plaintiff's present allegations mirror those previously rejected by this Court. *See, e.g.*, Armstrong v. North Carolina, No. 5:12-CV-80-F (E.D.N.C. March 23, 2012) (dismissing Armstrong's complaint alleging that Attorney General Roy Cooper made "false reports" and imposing sanctions for failing to allege facts with specificity); Armstrong v. Purdue, 5:11-CV-73-FL (E.D.N.C. Sept. 7, 2011) (dismissing Armstrong's complaint against various defendants and imposing sanctions for failing to allege facts with specificity); Armstrong v. Nash County, No. 5:08-CV-633-BR (E.D.N.C. Feb. 10, 2009) (dismissing Armstrong's complaint against Nash County sheriff's deputies and imposing sanctions for failing to allege facts with specificity); Armstrong v. County of Wilson, No. 5:08-634-BR (E.D.N.C. March 6, 2009) (dismissing Armstrong's complaint against Wilson County sheriff's deputies and imposing sanctions for failing to allege facts with specificity).

Thus, in accordance with the pre-filing injunction, the undersigned RECOMMENDS the following:

(1) That Plaintiff's complaint be DISMISSED;

(2) That Plaintiff be SANCTIONED $350.00 (the amount of the filing fee); and

3

(3) That an appeal from this order would be frivolous.

*See, e.g.*, Armstrong v. Purdue, No. 5:11-CV-73-FL (E.D.N.C. Sept. 7, 2011) (dismissal order comparable to that recommended also based on pre-filing injunction).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, January 14, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE