UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR O. ARMSTRONG,<br>　　　　Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | No. 5:12-CV-805-F |
| CALVIN WOODARD,<br>OWNES, CLADS, E.<br>ROBERT EVANS,<br>ROLAND LOFTIN,<br>MILTON F. FITCH, JR.,<br>CYNTHIA THORNTON,<br>THOMAS E. ASBELL, II,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| ARTHUR O. ARMSTRONG,<br>　　　　Plaintiff,<br>vs.<br>CALVIN WOODARD,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) | No. 5:12-CV-807-F |
| ARTHUR O. ARMSTRONG,<br>　　　　Plaintiff,<br>vs.<br>ALLIANCE MAZDA KIA,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) | No. 5:12-CV-808-F |
| ARTHUR O. ARMSTRONG,<br>　　　　Plaintiff,<br>vs.<br>DONALD W. STEPHENS,<br>COLON WILLOUGHBY,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) | No. 5:12-CV-809-F |

**ORDER**

This matter is before the court on the Memorandum and Recommendation ("M&R") filed by United States Magistrate Judge William A. Webb in each of the above-captioned actions. The undersigned referred the cases to Judge Webb to prepare M&Rs on the complaints filed in each action in accordance with the pre-filing injunctions issued by this court in *In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. Apr. 20, 2006), and *Armstrong v. Easley*, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd* No. 07-1045 (4th Cir. May 3, 2007).

## I. Legal standard for review of M&Rs

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

As the court has observed, the above-captioned matters were referred to Judge Webb for review in accordance with the pre-filing injunctions issued by this court in *In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. Apr. 20, 2006), and *Armstrong v. Easley*, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd* No. 07-1045 (4th Cir. May 3, 2007). Those pre-filing injunctions require the court to review any complaints filed by Mr. Armstrong to ascertain whether a complaint specifically identifies the laws which

plaintiff alleges were violated and whether a complaint alleges all facts with specificity. The pre-filing injunctions also require the court to determine whether a complaint is repetitious and/or frivolous.

In each of the M&Rs, Judge Webb has determined that the Complaint either fails to allege all facts with specificity or the Complaint is frivolous. The court will review each M&R, and any objection thereto, in turn.

## II. *Armstrong v. Woodard, et al.,* 5:12-CV-805-F

Plaintiff filed the Complaint in action 5:12-CV-805-F on December 17, 2012, alleging claims under 42 U.S.C. §§ 1983, 1985, and 1986 based on alleged constitutional violations. As Judge Webb observed in his M&R, Plaintiff's allegations of constitutional violations appear to stem from his arrest, detention, sentence, and incarceration for violation of his probation. Judge Webb recommends that the Complaint in this action be dismissed as frivolous for Plaintiff's failure to allege all facts with specificity as required by the January 18, 2006, pre-filing injunction.

Prior to the filing of the M&R in 5:12-CV-805-F, Plaintiff filed a Leave To File Motion for Summary Judgment [DE-5] on January 3, 2013, attaching thereto a "Plaintiff's Motion for Summary Judgment (Brief II)" and an affidavit. In the affidavit, Plaintiff lists various individuals as defendants who were not identified as such in the original Complaint. *See* Aff. of Arthur O. Armstrong [DE-5-2] (listing Patrick Alston and K.J. Hines as defendants). The next day, on January 4, 2013, Plaintiff filed another Leave to File Motion for Summary Judgment [DE-8], again attaching a "Plaintiff's Motion for Summary Judgment (Brief II)" and an affidavit. Again, the briefing and the affidavit reference additional individuals who are not named as defendants in the original Complaint. *See* Aff. of Arthur O. Armstrong [DE-8-2] (detailing actions of "B. Gooding" and "John Doe"). After Judge

3

Case 5:12-cv-00805-F Document 12 Filed 02/28/13 Page 3 of 13

Webb issued the M&R on January 15, 2013, Plaintiff filed yet another Motion for Leave to File [DE-11], with a Motion for Summary Judgment and an affidavit attached thereto. The affidavit again references an individual, Frank R. Brown, not mentioned in the original Complaint.

Upon the court's *de novo* review of the Complaint and Judge Webb's M&R, the court agrees that Plaintiff's Complaint must be dismissed as frivolous under the January 18, 2006 pre-filing injunction. A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. *Neitzke*, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 132 S. Ct. 1327 (2012); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

The court agrees with Judge Webb's assessment that Armstrong has failed to allege all facts with specificity as required by the pre-filing injunction. This lack of specificity dooms Armstrong's claims based on conspiracy. To establish a civil conspiracy, as Armstrong alleges here, a plaintiff

4

must show "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. *See id.* at 421-23; *see also Ruttenberg v. Jones*, 2873 F. App'x 121, 132 (4th Cir. 2008) (affirming the district court's dismissal of a civil conspiracy claim because *Twombly* requires a "plausible suggestion of conspiracy"). Rather, a plaintiff must "plead facts that would 'reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understand to try to accomplish a common and unlawful plan.'" *Ruttenberg*, 283 F. App'x at 132 (quoting *Hinkle*, 81 F.3d at 421). Here, Armstrong fails to include any facts which would allow him to plausibly allege a "meeting of the minds" between any defendants. *Cf. Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 555-56. Thus, he fails to state a claim a conspiracy.

Additionally, a plaintiff cannot recover damages under §§ 1983, 1985, or 1986 when such recovery would imply the invalidity of an underlying conviction unless he can "prove that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see Thigpen v. McDonnell*, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985, and 1986."); *Stephenson v. Reno*, 28 F.3d 26, 27 & n.1 (5th Cir. 1994) (applying holding in *Heck* to 42 U.S.C. § 1985 claim). Here, Armstrong's claim for damages largely relies on the invalidity of his probation revocation.

5

*See Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process, whether . . . parole revocation . . . or other"); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying *Heck* to a probation revocation proceeding). Because this revocation has not been overturned or otherwise invalidated, Armstrong's efforts to recover damages fail.

Accordingly, the court ACCEPTS the M&R[1], and ORDERS that (1) the Complaint in 5:12-CV-805-F be dismissed, and (2) that Plaintiff be sanctioned in the amount of $350.00.

### III. *Armstrong v. Woodard*, 5:12-CV-807-F

Armstrong filed the Complaint in 5:12-CV-807-F on December 17, 2012, alleging a claim against Calvin Woodard only. Specifically, he alleges that Defendant,

> without probable cause, trespassed on private property of plaintiff, made an entry onto private premise, without a warrant, searched and seized his property, invaded his privacy in violation of the 4th Amendment to the Constitution then made false reports that plaintiff acted with probation and probation violation in violation of the 14th Amendment to the Constitution of the United States.

Compl. [DE-1] ¶ 4. Armstrong seeks $35,000,000.00 in damages.

In the M&R in this action, Judge Webb recommends that the Complaint be dismissed as frivolous because Plaintiff fails to allege all facts with specificity as required by the pre-filing injunction. Judge Webb notes that the allegations in the Complaint are identical to those previously rejected by this court in earlier actions. *See* M&R [DE-7] at 3 (citing *Armstrong v. Nash County*, No. 5:08-CV-633-BR (E.D.N.C. Feb. 10, 2009); *Armstrong v. County of Wilson*, NO. 5:08-CV-634-

---

[1] To the extent that Plaintiff's various filing both before and after the M&R can be construed as objections to the M&R, the court's analysis does not change.

6

BR (E.D.N.C. Mar. 6, 2009)). After its own *de novo* review of the Complaint and the M&R, the court agrees with Judge Webb's assessment, and accordingly ACCEPTS the M&R.[2]

The court hereby ORDERS that (1) the Complaint in 5:12-CV-807-F be dismissed, and (2) that Plaintiff be sanctioned in the amount of $350.00.

### IV. *Armstrong v. Alliance Mazda Kia*, 5:12-CV-808-F

Like the two previous actions, Armstrong filed the Complaint in 5:12-CV-808-F on December 17, 2012. In this matter, he alleges that Defendant

> failed to conform to the requirements of the federal constitution and laws of the United States when defendant acted with reckless indifference and wanton disregard for the true or falsity and the rights of Plaintiff and others when defendant acted with, including by not limited to: arbitrariness, extortion, capriciousness, malice, gross negligence, trickery, misrepresentation, deceit, fraud, conspiracy, RICO, racial profiling, when defedant acted with active connivance in the making of the DWLR false reports and other conduct amounting to official discrimination clearly sufficient to constitute denial of rights protected by the Equal Protection Clause and denied the plaintiff the privileges of purchasing a 2010 Kia Forte without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

Compl. [DE-1] ¶ 6. Armstrong seeks, *inter alia*, $10,000,000.00 in damages.

In the M&R in this action, Judge Webb recommends that the Complaint be dismissed as frivolous because Armstrong's § 1983 claim is based on an indisputably meritless legal theory. Specifically, Armstrong seeks redress against a private actor, but has alleged no facts which allow the inference that the private actor's conduct should be deemed that of the state.

---

[2] To the extent the Leave to File Motion for Summary Judgment [DE-6] and accompanying brief in support of motion for summary judgment and affidavit can be considered as an objection to the M&R, they do not change the court's analysis.

7

As in his other actions before the court, in this action Armstrong filed a Leave to File Motion for Summary Judgment [DE-5] prior to the issuance of the M&R, and included a "Plaintiff's Motion for Summary Judgment (Brief II)" and affidavit. The affidavit again names an individual as a defendant, the Honorable James C. Dever, who is not named or implicated in any way in the original Complaint. After the issuance of the M&R, Armstrong filed a "Motion for Summary Judgmeent [sic], In Response and In Opposition to Memorandum and Recommendation, to Dismiss, with Supporting Affidavit and Documentation (Brief II)" [DE-7]. The assertions in these various filings do nothing to address the analysis contained in the M&R.

After its own independent and *de novo* review of the Complaint, M&R, and Objection [DE-7], the court agrees with Judge Webb and ACCEPTS the M&R. The court hereby ORDERS that (1) the Complaint in 5:12-CV-808-F be dismissed, and (2) that Plaintiff be sanctioned in the amount of $350.00.

## V. *Armstrong v. Stephens, et al.*, 5:12-CV-809-F

The final case before the court was initiated by Plaintiff by filing a Complaint, again on December 17, 2012, alleging claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Wake County Superior Court Judge Donald Stephens and Wake County District Attorney Colon Willoughby. As in his other actions, in this action Armstrong filed a "Leave to File Motion for Summary Judgment" [DE-5] prior to the issuance of the M&R, and attached a Motion for Summary Judgment (Brief II) and affidavit thereto.

In the M&R, Judge Webb recommends that Armstrong's Complaint be dismissed as frivolous because (1) Armstrong failed to allege all facts with specificity, and (2) Armstrong's claims

8

appear to be based on meritless legal theories. Specifically, Judge Webb observes that Armstrong may not pursue his claim for damages against Judge Stephens, "because it is well-settled that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts.'" M&R [DE-6] at 3 (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). As Judge Webb observes, Armstrong's allegations against Judge Stephens appear to arise out of his sentencing for Armstrong for driving while impaired and driving with a revoked license, and these are official acts for which Judge Stephens is entitled to judicial immunity. Judge Webb also observes that District Attorney Willoughby is entitled to prosecutorial immunity from Armstrong's claims.

Following the issuance of the M&R, Armstrong filed three separate Motions for Leave to File Motion for Summary Judgment. *See* [DE-7] (filed January 22, 2013); [DE-8] (filed January 28, 2013); [DE-9] (filed February 12, 2013). Each of these are accompanied by "Plaintiff's Motion for Summary Judgment, In Response and In Opposition to Memorandum and Recommendation, to Dismiss, with Supporting Affidavit and Documentation (Brief II)" and affidavits. The first set of filings [DE-7] appear to address the M&R in this matter, although the affidavit names numerous other individuals not mentioned in the original Complaint. *See* Aff. of Arthur O. Armstrong [DE-7-2] (referencing Knightdale police officer, "Chief Blalock"). The latter two sets of filings reference the City of Knightdale, Knightdale police officers, and Wake County Superior Court Judge William Pittman.

After conducting its own *de novo* review of the Complaint, M&R, and record herein, the court concludes that Judge Webb's recommendation is correct and therefore ACCEPTS the M&R. The court agrees with Judge Webb that the Complaint fails to allege facts with specificity, and that

9

Armstrong is barred by judicial and prosecutorial immunity from pursuing his claims against Donald Stephens and Colon Willoughby. Additionally, to the extent that Armstrong attempts to allege a conspiracy amongst Stephens, Willoughby, and the host of other individuals named in his various filings, Armstrong fails to include any facts which would allow him plausibly to allege a "meeting of the minds" between any defendants. *Cf. Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 555-56. Thus, he fails to state a claim for conspiracy. Finally, Armstrong's claims for relief in this action appeared to be barred by *Heck*, in that any recovery for his claims would imply the invalidity of his underlying conviction.

Accordingly, the court ORDERS that (1) the Complaint in 5:12-CV-809-F be DISMISSED, and (2) that Plaintiff be sanctioned in the amount of $350.00.

## VI. Show Cause Why Superseding Pre-Filing Injunction Should Not Be Entered

Prior to the initiation of the four above-discussed actions, Armstrong had filed scores of actions in this district and was subject to two separate pre-filing injunction orders. Despite the entry of those pre-filing injunction orders and the imposition of thousands of dollars in sanctions, Armstrong persists in filing frivolous lawsuits, and almost without exception, filing numerous frivolous motions in the course of each of those lawsuits. Indeed, since the entry of the previous two pre-filing injunction orders, Armstrong has filed 18 additional actions. The court can only draw the conclusion that litigating in this district has become a hobby for Armstrong, much like other citizens may take up photography, wood working, or crochet. The difference between Armstrong's hobby and that of other citizens, however, is that Armstrong's penchant for repeatedly filing harassing and vexatious lawsuits asserting the same frivolous theories does not just pass *his* time and result in great

10

expense to *him*; it also taxes the limited resources of this court to the detriment of other litigants and the citizens of the Eastern District of North Carolina as a whole.

This court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). This remedy must be used sparingly, and access to the court should be not limited absent exigent circumstances. *Id.* at 817-18. "In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the parties' filings; and (4) the adequacy of other sanctions.

*Id.* at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. *Id.* Additionally, before issuing an injunction, a court must give the individual to be enjoined notice and an opportunity to be heard. *Id.* at 819.

Here, as this court has recounted, Armstrong has filed scores of actions in this court; 59 to be exact. Eighteen of those actions were filed after the issuance of the previous two pre-filing injunctions. Almost all of those 18[3] actions were dismissed because Armstrong failed to allege facts with specificity or asserted frivolous claims. He persists in continuing to file lawsuits with substantially similar (and factually deficient) allegations, despite being on notice that the stock

---

[3] Two of those actions, *Armstrong v. Cooper et al.*, 5:12-CV-810-FL, and *Armstrong v. Richards*, 5:12-CV-811-BO, are pending before other district judges, and it does not appear from the court's records that those judges have issued any orders determining whether the Complaints filed in those actions comply with the injunctions issued in *In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. Apr. 20, 2006), and *Armstrong v. Easley*, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd* No. 07-1045 (4th Cir. May 3, 2007).

11

allegations he repeats are insufficient to satisfy his burden of alleging all facts with specificity. Moreover, he files documents within many of those lawsuits that are not germane to the action. *See, e.g., Armstrong v. Sumner*, 5:12-CV-425-F (Armstrong filed at least fifteen "motion[s] for leave to file motions for summary judgment" against individuals not named or implicated in any manner in the original complaint). Armstrong also has developed the habit of filing frivolous motions for leave to reopen the case in closed cases, which also has increased the burden on the court. *See Armstrong v. Perdue*, 5:11-CV-73-FL; *Armstrong v. North Carolina*, 5:12-CV-80-F; *Armstrong v. Sumner*, 5:12-CV-425-F. The court should not have to shoulder the burden of these repetitive, frivolous lawsuits, and Armstrong has demonstrated that the previous pre-filing injunctions and monetary sanctions[4] imposed against him will do little to deter him from pursuing his quixotic hobby.

Accordingly, Armstrong is ORDERED TO SHOW CAUSE, within twenty-one (21) days of the filing date of this order, if any there be, why the proposed order, attached hereto as Exhibit A, should not be entered. **ARMSTRONG IS CAUTIONED THAT THE FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE WILL RESULT IN THE ENTRY OF THE SUPERSEDING PRE-FILING INJUNCTION AGAINST HIM.**

For the foregoing reasons:

1. The court ACCEPTS the M&Rs entered in 5:12-CV-805-F, 5:12-CV-807-F, 5:12-CV-808-F, and 5:12-CV-809-F, and for the reasons stated in those M&Rs, and the additional reasons stated herein, the Complaint in each of these actions is DISMISSED;

---

[4] Armstrong is currently subject to sanctions in an amount equal to the filing fee for filing any complaint which (1) fails to identify the law(s) which Armstrong alleges was (were) violated or allege all facts with specificity, or (2) is otherwise repetition and/or frivolous.

12

2. It is FURTHER ORDERED that all other pending motions in these actions are DENIED as moot;

3. It is FURTHER ORDERED that the Plaintiff Arthur O. Armstrong shall pay sanctions in the amount of $350.00 in each of the above-captioned actions, for a total of $1,400.00;

4. It is FURTHER ORDERED that Plaintiff Arthur O. Armstrong shall SHOW CAUSE, if any there be, why the superseding pre-filing injunction attached as Exhibit A to this order should not be entered. **Plaintiff has twenty-one (21) days from the filing date of this order to file a response to this show cause order. ARMSTRONG IS CAUTIONED THAT THE FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE WILL RESULT IN THE ENTRY OF THE SUPERSEDING PRE-FILING INJUNCTION AGAINST HIM**; and

5. It is FURTHER ORDERED that the Clerk of Court is DIRECTED to serve a copy of this order and the attached Exhibit A on Armstrong via certified mail receipt. Until the sanctions provided for in this order are paid in full, Armstrong may not file any additional actions in this court, nor may he file additional documents in the above-captioned actions, other than his response to the order to show cause.

SO ORDERED.

This the 2 8 day of February, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge