UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR O. ARMSTRONG, <br> Plaintiff, <br> vs. <br> CALVIN WOODARD, <br> OWNES, CLADS, E. <br> ROBERT EVANS, <br> ROLAND LOFTIN, <br> MILTON F. FITCH, JR., <br> CYNTHIA THORNTON, <br> THOMAS E. ASBELL, II, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 5:12-CV-805-F |
| ARTHUR O. ARMSTRONG, <br> Plaintiff, <br> vs. <br> CALVIN WOODARD, <br> Defendant. | ) ) ) ) ) ) ) ) ) | No. 5:12-CV-807-F |
| ARTHUR O. ARMSTRONG, <br> Plaintiff, <br> vs. <br> ALLIANCE MAZDA KIA, <br> Defendant. | ) ) ) ) ) ) ) ) ) | No. 5:12-CV-808-F |
| ARTHUR O. ARMSTRONG, <br> Plaintiff, <br> vs. <br> DONALD W. STEPHENS, <br> COLON WILLOUGHBY, <br> Defendants. | ) ) ) ) ) ) ) | No. 5:12-CV-809-F |

## SUPERSEDING PERMANENT INJUNCTION

This order supersedes the pre-filing injunctions previously issued by this court in *In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. Apr. 20, 2006), and *Armstrong v. Easley*, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd* No. 07-1045 (4th Cir. May 3, 2007). This order represents the court's attempt to craft very specific restrictions on Arthur O. Armstrong's activities in this court without unduly restricting his access to the court.

It is hereby ORDERED that:

1. Arthur O. Armstrong ("Armstrong") may not file ANY document with the Eastern District of North Carolina UNLESS he first pays any outstanding monetary sanctions in full.

2. Subject to the foregoing and from the date of this order, Armstrong is SUBJECT to the following RESTRICTIONS:

    (a) Armstrong may file a complaint, provided it is accompanied by the appropriate filing fee. Applications to proceed in forma pauperis shall not be accepted by the Clerk.

    (b) Any complaint must specifically identify the law(s) which Armstrong alleges was (were) violated, and must allege all facts with specificity.

    (c) Until the court concludes that a complaint meets the requirements of subparagraph (b) and is not otherwise repetitious or frivolous, Armstrong may not file any other document in the case, including any motions. Any attempt to file documents by Armstrong during this review period will result in the

2

Clerk's Office holding for his retrieval or returning the material to Armstrong without entry on the docket sheet by the Clerk. The only exception to this subsection will be if the presiding district judge refers the complaint to a United States Magistrate Judge for a memorandum and recommendation. In that event, Armstrong will be allowed ONE response or objection to the memorandum and recommendation. All subsequent attempts to respond to the memorandum and recommendation or to file other documents will result in the Clerk's Office holding for his retrieval or returning the material to Armstrong without entry on the docket sheet by the Clerk.

(d) If the court concludes that the complaint meets the requirements of sub-paragraph (b), and is not otherwise repetitious or frivolous, Armstrong will be directed to prepare and submit summonses for issuance. No summons shall issue until ordered by the court.

(e) If the court concludes, however, that the complaint fails to meet the requirements of sub-paragraph (b) and/or is repetitious or frivolous, the court will dismiss the complaint and **will sanction Armstrong in an amount three times the district court filing fee**.

(f) The final order will include a decision on whether an appeal from the order has merit. If the court determines that an appeal from the final order has merit, Armstrong may file a notice of appeal only if accompanied by the appellate filing fee. An application to proceed in forma pauperis shall not be accepted by the Clerk.

3

(g) Other than a notice of appeal as set forth in sub-paragraph (f), the court will not accept any further filings in any case that is dismissed or closed, including motions filed pursuant to Rule 60 of the Federal Rules of Civil Procedure. All such documents will be held for his retrieval or returned to Armstrong without entry on the docket sheet by the Clerk.

3. Armstrong is hereby warned that violation of this pre-filing injunction **may subject him to criminal contempt proceedings**.

SO ORDERED.

This the 29 day of March, 2013.

James C. Fox
Senior United States District Judge

4